# United States District Court

### DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

Verlina R. Odeh



**Criminal Complaint**

CASE NUMBER: 06- 77M

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **April 10, 2006** in **New Castle** County, in the District of Delaware, defendant did **knowingly execute a scheme and artifice to defraud a federally-insured bank** in violation of Title **18** United States Code, Section(s) **1344**.

I further state that I am a(n) **Special Agent** and that this complaint is based
   Official Title
on the following facts:

See attached Affidavit of SA Darlene Sokola

Continued on the attached sheet and made a part hereof:    Yes

_____
Darlene Sokola
Special Agent

Sworn to before me and subscribed in my presence,

June 8, 2006                                    at    Wilmington, DE
Date                                                        City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                   _____
Name & Title of Judicial Officer                       Signature of Judicial Officer

FILED
JUN 8 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## AFFIDAVIT OF DARLENE M. SOKOLA

I, Darlene M. Sokola, having been duly sworn, do hereby depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for more than nineteen years. I have been assigned to the FBI office located in Wilmington, Delaware since March 1998. During my employment with the FBI, I have specialized in the investigation of White Collar Crimes, including Bank Fraud.

2. This affidavit is submitted in support of a Criminal Complaint charging VERLINA R. ODEH with violation of Title 18, United States Code, Section 1344 (Bank Fraud), which makes it a crime for a person to conduct any scheme to defraud a federally insured financial institution.

3. I have personally participated in this investigation since its inception in May 2006 and am familiar with the facts contained in this affidavit. The information contained in this affidavit was obtained by reviewing various business and financial records, interviewing financial institution investigators and witnesses, public record checks, and speaking with other law enforcement officers involved in this investigation. The information contained in this affidavit is not a complete recitation of the facts and evidence discovered during this investigation.

4. James Shepherd, a fraud investigator at JPMorgan Chase and Company (JPMorgan Chase), has advised that VERLINA R. ODEH was an employee in the Accounting Department of Chase Bank USA, NA (Chase). Chase is a retail banking and credit card subsidiary of JPMorgan Chase. ODEH was hired by Chase in 1997 and most recently had the job title of Accountant. ODEH worked at the Chase White Clay Center facility in Newark, Delaware from 2000 to 2005. Then ODEH was transferred to the Chase Christina Center facility in Wilmington, Delaware, where she remained until her termination on May 12, 2006.

5. ODEH was assigned to handle the escheat liability general ledger account for Chase Card Services, which department deals with Chase credit card accounts. In that function, ODEH was responsible for communicating with credit card customers who had credit balances on their dormant accounts. The funds are considered abandoned property if the funds have been in the possession of Chase Card Services for at least five years. If the credit card customers are located, ODEH was responsible for assisting the customers with filing a claim to recover their funds. If the customers were not located, ODEH was responsible for transferring the funds to the corporate escheat office where the funds were ultimately turned over to the appropriate states.

6. Shepherd has advised that Chase is in the process of auditing the records relating to the escheat liability general ledger account handled by ODEH. The audit has revealed that ODEH caused numerous checks to be issued to individuals and companies who were not Chase credit card customers that were owed credit balance refunds. Legitimate credit balance refund checks are typically for amounts of less than a few hundred dollars. The fraudulent checks issued by ODEH are for amounts ranging from $3,000 to $27,000.

7. According to Shepherd, the bank's audit is on-going. As of June 7, 2006, Chase has identified sixty-eight (68) checks totaling over $790,000 that ODEH issued to individuals and companies who had no legitimate claim to the funds.

8. The connection between ODEH and many of the individuals and companies whose names appear as payees on the fraudulent checks is not obvious. However, four of the checks were made payable to Mary Jones, which investigation has determined to be ODEH's mother. These checks, which I have seen, are described as follows: a) Check number 08697779, dated April 15, 2005, for $3,351.44; b) Check number 260546077, dated August 25, 2005, for $4,481.81; c) Check number 268626597, dated December 2, 2005, for $5,742.46; and d) Check number 241765796, dated April 10, 2006, for $3,498.70.

9. Investigation at Wilmington Savings Fund Society (WSFS Bank) has determined that the four checks written to Mary Jones were deposited into a checking account at that financial institution. This account was opened in June 2000 and it appears that Jones was originally the sole account holder. However, WSFS Bank processed a request to add ODEH's name as a joint account holder on July 11, 2005. The address of record for this WSFS Bank account has been a particular street in Bear, Delaware since June 2004 or earlier. Public records, available on-line, show that ODEH was the owner of this particular property until March 30, 2006.

10. On June 1, 2006, I interviewed Mary Jones at her residence in Elkton, Maryland. Jones advised that she received the four checks from ODEH and deposited them into the WSFS Bank account. Jones advised that she did not question ODEH about the source of the funds and did not know that the checks were stolen. ODEH told Jones that if Jones needed anything, she could use the money. On some occasions, ODEH asked Jones to withdraw funds from the WSFS Bank account for ODEH. Jones recently talked to ODEH about the checks after WSFS Bank placed a hold on the funds remaining in the account. ODEH apologized to Jones for getting her involved in the matter. ODEH told Jones that she made a bad mistake and that she hoped she could work it out.

11. Shepherd interviewed ODEH on May 12, 2006. At that time, the bank's audit had only discovered fifteen (15) fraudulent checks totaling $209,000 that had been processed by ODEH between September 2005 and April 2006. ODEH admitted her involvement in compromising the escheat general ledger liability account and creating numerous fraudulent checks. ODEH claimed that she began the fraud scheme in January 2005. When Shepherd displayed copies of the fifteen (15) fraudulent checks to ODEH, she admitted that she was responsible for creating each of the checks in question. ODEH stated that she never received any of the stolen funds directly, but that she may have benefitted indirectly. For example, ODEH believed that her home was probably furnished with funds derived from the fraud. ODEH refused to provide much information about the check payees and others involved in the fraud scheme. ODEH claimed that she was afraid for her safety and the safety of her teen-age daughter.

13. Based on the facts contained in this affidavit, I submit that there is probable cause to believe that on or about April 10, 2006, VERLINA R. ODEH committed a violation of 18 U.S.C. §1344 (Bank Fraud), by causing a Chase check for $3,498.70 to be issued to her mother.

*Darlene M. Sokola*
Darlene M. Sokola
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this ___8___ day of June, 2006.

Honorable Mary Pat Thynge
United States Magistrate Judge

3