

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

October 17, 2006

Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

Re: **United States v. Verlina Odeh**
    **Criminal Action No. 06-71-KAJ**

Dear Judge Jordan:

Enclosed please find a plea agreement. This may or may not be the agreement that will be entered at the Rule 11 hearing scheduled for 12:30 p.m. on October 18, 2006. Government counsel has offered to defense counsel two different versions of this agreement, and government and defense counsel have not spoken on which the Defendant is accepting. The other version of the agreement differs in only one material respect – it includes standard, and lengthy, provisions for the Defendant's cooperation.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/ Richard G. Andrews
Richard G. Andrews
First Assistant United States Attorney

pc: Eugene J. Maurer, Jr., Esquire

RGA:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-71-KAJ |
| | ) |
| VERLINA ODEH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Verlina Odeh, by and through her attorney, Eugene J. Maurer, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The Defendant shall plead guilty in the United States District Court for the District of Delaware to Counts 3 and 25 of the Indictment, each of which charges embezzlement by a bank employee, in violation of 18 U.S.C. Sections 656 and 2, and each of which carries a maximum sentence of a term of imprisonment of thirty years, a fine of $1,000,000, or both, five years supervised release, $100.00 special assessment, and restitution. The Defendant admits that she is in fact guilty of those two charges, as she used her employment to cause Chase Bank to issue checks in the amount of $17,711.92 $3,498.70, payable to her mother, which were deposited into a joint account the Defendant held with her mother. The Defendant stipulates that the Court has the authority to order her to pay restitution for any losses caused by the scheme to embezzle money from Chase Bank. She acknowledges that the

amounts she participated in illegally taking is estimated to be about $1,300,000, and, that whatever the amount is determined to be, that she could be ordered to make that amount of restitution.

2. The United States agrees to move to dismiss the remaining charges of the Indictment at the time of sentencing.

3. The Defendant understands that the elements of the offense to which she is pleading guilty are:

    A. The Defendant was an employee of Chase Bank USA, NA;

    B. That Chase Bank USA, NA, had deposits which were insured by the Federal Deposit Insurance Corp.;

    C. That the Defendant acted with the intent to injure and defraud Chase Bank USA, NA; and

    D. That the Defendant embezzled, purloined, or willfully misapplied a sum of money in excess of $1,000 from Chase Bank USA, NA.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The Defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. She understands that the final determination of the Sentencing Guidelines will be up to the sentencing judge. The United States represents to the Defendant that based on the timely acceptance of this plea agreement, and other factors, that it will move for a three-level reduction for acceptance of responsibility based on the defendant's conduct to date. The Defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the

guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney, that she will not be allowed to withdraw her guilty plea.

5. The Defendant agrees to pay the $200 special assessment the day of sentencing.

6. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____           By:_____
Eugene J. Maurer, Jr., Esquire                  Richard G. Andrews
Attorney for Defendant                          First Assistant United States Attorney


_____
Verlina Odeh
Defendant

Dated:


AND NOW, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
United States District Judge

3