Filed In Open Court 10/18/06

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-71-KAJ |
| ) | |
| VERLINA ODEH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Verlina Odeh, by and through her attorney, Eugene J. Maurer, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The Defendant shall plead guilty in the United States District Court for the District of Delaware to Counts 3 and 25 of the Indictment, each of which charges embezzlement by a bank employee, in violation of 18 U.S.C. Sections 656 and 2, and each of which carries a maximum sentence of a term of imprisonment of thirty years, a fine of $1,000,000, or both, five years supervised release, $100.00 special assessment, and restitution. The Defendant admits that she is in fact guilty of those two charges, as she used her employment to cause Chase Bank to issue checks in the amount of $17,711.92 $3,498.70, payable to her mother, which were deposited into a joint account the Defendant held with her mother. The Defendant stipulates that the Court has the authority to order her to pay restitution for any losses caused by the scheme to embezzle money from Chase Bank. She acknowledges that the

amounts she participated in illegally taking is estimated to be about $1,300,000, and, that whatever the amount is determined to be, that she could be ordered to make that amount of restitution.

2. The United States agrees to move to dismiss the remaining charges of the Indictment at the time of sentencing.

3. The Defendant understands that the elements of the offense to which she is pleading guilty are:

    A. The Defendant was an employee of Chase Bank USA, NA;

    B. That Chase Bank USA, NA, had deposits which were insured by the Federal Deposit Insurance Corp.;

    C. That the Defendant acted with the intent to injure and defraud Chase Bank USA, NA; and

    D. That the Defendant embezzled, purloined, or willfully misapplied a sum of money in excess of $1,000 from Chase Bank USA, NA.

4. The Defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The Defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. She understands that the final determination of the Sentencing Guidelines will be up to the sentencing judge. The United States represents to the Defendant that based on the timely acceptance of this plea agreement, and other factors, that it will move for a three-level reduction for acceptance of responsibility based on the Defendant's conduct to date. The Defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the

guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney, that she will not be allowed to withdraw her guilty plea.

5. The Defendant agrees to pay the $200 special assessment the day of sentencing.

6. The Defendant agrees to cooperate fully and truthfully with the Government as follows:

   a. Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if she testifies untruthfully in any material way she can be prosecuted for perjury.

   b. Defendant agrees to provide all information concerning her knowledge of, and participation in, the subject matter of the Indictment of which she has knowledge, and any other crimes about which she has knowledge. The Defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the Defendant's entry of a guilty plea.

   c. Defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

   d. Defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

   e. Defendant agrees to hold herself reasonably available for any interviews as the Government may require.

   f. Defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any crime.

   g. Defendant understands that her cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

   h. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until her cooperation is complete.

   i. Defendant agrees and understands that this agreement requires that her cooperation may continue even after the time that the defendant is sentenced.

   j. Defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local

crime, between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the Defendant during the course of her cooperation, and this information may be used as evidence against her. Moreover, the Defendant's previously entered guilty pleas will stand and cannot be withdrawn by her.

7. If the Government in its sole discretion determines that the Defendant has fulfilled her obligations of cooperation as set forth above, at the time of sentencing, the Government will:

    a. Make the nature and extent of the defendant's cooperation known to the Court.

    b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, only if the Government, in its sole discretion, determines that the Defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The Defendant understands that as of the date of this agreement, no determination has been made as to the Defendant's eligibility for a substantial assistance motion. The Defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by her. The Defendant further understands that if she breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion.

    c. Make whatever sentencing recommendation the Government deems appropriate.

8. The Defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which she may testify.

9. The Defendant understands that if her statements made to the Government before the date of this agreement are untruthful in any material way this agreement is violated and becomes void.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only

in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____          By: _____
Eugene J. Maurer, Jr., Esquire                Richard G. Andrews
Attorney for Defendant                         First Assistant United States Attorney

_____
Verlina Odeh
Defendant

Dated: 10-18-06

**AND NOW**, this 18th day of October, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
United States District Judge

5